```
              UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


ALEXANDER N. ASANOV,            :    CIVIL NO. 1:05-CV-2098
OLGA S. PETROVA-ASANOV,         :
LUDMILA A. ASANOV,              :
BIOELECTROSPEC, INC.,           :
                                :
            Plaintiffs          :    (Judge Conner)
                                :
       v.                       :    (Magistrate Judge Smyser)
                                :
GHOLSON, HICKS & NICHOLS, P.A.  :
DEWITT T. HICKS, JR. and        :
M. JAY NICHOLS,                 :
                                :
            Defendants          :
```

## REPORT AND RECOMMENDATION


The complaint in this case was filed *pro se* on October 14, 2005 by plaintiffs **Alexander N. Asanov, Olga S. Petrova-Asanov, Ludmila A. Asanov** and **BioelectroSpec, Inc.** The defendants named in the complaint are **Dewit T. Hicks, Jr.**, **M. Jay Nichols** and **Gholson, Hicks and Nichols,** a professional association.


The complaint alleges that the Asanov plaintiffs are residents of Pennsylvania and Maryland, that the corporate plaintiff ("Bioelectric") is a Delaware corporation, that

defendants Hicks and Nichols ("attorney defendants") are residents of Mississippi and that defendant professional association ("Gholson") is located in Mississippi.  It alleges that the attorney defendants initiated a lawsuit in the United States District Court for the Northern District of Mississippi on behalf of "Hayes and Marina Hunt."  It alleges that the defendants made numerous contacts with Pennsylvania.  It asserts that the defendants made fraudulent representations to the federal court in Mississippi and were incompetent.

The complaint alleges that the plaintiffs were engaged in United States Government funded research projects, of high national priority, in Pennsylvania.  It alleges that the defendants made fraudulent claims and assertions in the Mississippi civil action that harmed the plaintiffs.

A motion to dismiss the complaint was filed by the defendants on November 1, 2005.  A certificate of service accompanies the motion.  A brief in support of the motion was filed on that date.  A certificate of service accompanies the brief.

The plaintiffs filed a motion to strike the defendants' motion, on November 28, 2005.  Although not timely if considered as a brief in opposition to the motion to dismiss the complaint, it appears to be a brief in opposition to the motion to dismiss the complaint and to be most properly construed as such.  The defendants have filed a brief in opposition to the plaintiff's "motion", which can be construed as a reply brief in support of the motion to dismiss the complaint. We will construe Doc. 8 as a brief in opposition to the motion to dismiss the complaint and will consider it as timely.  We will consider Doc. 9 as a reply brief.

By a Report and Recommendation of November 30, 2005, it has been recommended that BioElectroSpec, Inc., a corporation the name of which is inserted here as a plaintiff by a *pro se* plaintiff, be dismissed from this civil action because there is no basis upon which a corporation may appear pro se or represented by another *pro se* party.  That Report and Recommendation is pending.

The defendants argue that the complaint should be dismissed in its entirety on the grounds that there is not a basis presented for the United States District Court for the Middle District of Pennsylvania to exercise jurisdiction over the defendants in that they are not Pennsylvania residents and do not have sufficient contacts with Pennsylvania for the court here to exercise jurisdiction over them.

"A federal court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of the state." *Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 436 (3d Cir. 1987). Federal Rule of Civil Procedure 4 authorizes federal courts to assert personal jurisdiction over non-resident defendants to the extent permissible under the law of the state where the district court sits. *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1221 (3d Cir. 1992). Pennsylvania law permits courts within Pennsylvania to exercise jurisdiction "to the fullest extent allowable under the Constitution of the United States." 42 Pa.C.S.A. §§ 5308, 5322(b). Thus, this court may properly exercise jurisdiction

4

over the defendant as long as exercise of that jurisdiction does not violate due process.  *Mellon, supra*, 960 F.2d at 1221.  A defendant bears the initial burden of raising lack of personal jurisdiction.  *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992), *cert. denied*, 113 S. Ct. 61 (1992).  However, once the issue of personal jurisdiction is raised the plaintiff bears the burden of proving by a preponderance of the evidence that jurisdiction is proper. *Id.*; *Allied Leather Corp. v. Altama Delta Corp.*, 785 F. Supp. 494, 497 (M.D. Pa. 1992).  The plaintiff must come forward with competent evidence through sworn affidavits or otherwise to establish the jurisdictional facts.  *Forum Publications, Inc. v. P.T. Publishers, Inc.*, 700 F. Supp. 236, 246 (E.D. Pa. 1988).  "At the stage of the proceedings where the factual record consists of only pleadings and affidavits, the plaintiff's burden is satisfied by establishing a *prima facie* case of jurisdiction.  In reviewing a jurisdictional dispute, the pleadings and affidavits are to be considered in the light most favorable to the plaintiff, with any discrepancies in the versions of events resolved in the plaintiff's favor."  *Petruzzi's IGA Supermarkets v. Darling-Delaware Co., Inc.*, 677 F. Supp. 289, 292 (M.D. Pa. 1987)(citations omitted).  *See also*

*Pharmaceutical Group Services, Inc. v. National Pharmacies, Inc.*, 592 F. Supp. 1247, 1248 (E.D. Pa. 1984); *National Precast Crypt Co. v. Dy-Core of PA, Inc.*, 785 F. Supp. 1186, 1190 (W.D. Pa. 1992).

Personal jurisdiction may be exercised under either the theory of general jurisdiction or under the theory of specific jurisdiction:

> If the plaintiff's cause of action arises out of a defendant's forum-related activities, that defendant may be subject to the state's jurisdiction under 'specific jurisdiction' so long as jurisdiction is authorized by a 'long-arm' statute and the defendant has sufficient minimum contacts with the state as defined by *International Shoe Co. v. Washington*, 326 U.S. 310 (1945). *See Reliance Steel Prods. Co. v. Watson, Ess, Marshall & Engass*, 675 F.2d 587, 588 (3d Cir. 1982). If the claim is connected to a defendant's non-forum related activities, a defendant may be subject to the 'general' jurisdiction of the Court so long as it has 'continuous and substantial' attachments with the forum state.

*Allied Leather*, *supra*, 785 F. Supp. at 497.

The plaintiffs do not show that this court may exercise specific jurisdiction over the defendant. *See,* Doc. 8. They do

6

not demonstrate any specific conduct of the defendants in Pennsylvania.  They rely upon the defendants' non-forum related activities.  They must show a basis for the exercise of general jurisdiction.

The plaintiffs must show significantly more than minimum contacts to establish general jurisdiction.  For general jurisdiction the defendant's contacts with the forum must be continuous and substantial.  *Provident Nat. Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987).

In *Helicopteros Nationales de Columbia, S.A. v. Hall*, 466 U.S. 408 (1984), the Supreme Court held that a Texas court could not exercise general jurisdiction over a non-resident defendant because the defendant's activities in Texas did not constitute continuous and systematic business contacts with Texas even though the defendant purchased 80 percent of its helicopters and over 4 million dollars in parts and accessories in Texas and had sent personnel to train in Texas.  On the other hand, the Third Circuit Court of Appeals held that a non resident Bank with less than 0.1 percent of its deposits, depositors, and loans in

7

Pennsylvania was subject to general personal jurisdiction because the nature of its activity in Pennsylvania - daily wire transfers of funds - were the type of activities central to the bank's business and were continuous and systematic. *Provident, supra*, 819 F.2d at 438.

In determining if the defendant's contacts with the forum state are continuous and substantial the size of the percentage of defendant's total business represented by its contacts with the forum and the substantiality of the absolute dollar amount involved in the contacts with the forum state are generally irrelevant. *Provident, supra*, 819 F.2d at 437-38.  The nature of the defendant's contacts with the forum state is relevant. *Id.* at 438.

The defendants here have not had continuous and substantial contacts with Pennsylvania.

It is recommended that the motion of the defendants to dismiss the complaint be granted because the Middle District of Pennsylvania may not exercise jurisdiction over the defendants. It is recommended that the complaint be dismissed and that the file be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:   December 13, 2005.